**RYAN G. WELDON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**105 E. Pine, 2nd Floor**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**E-mail: Ryan.Weldon@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 19-03-GF-BMM** |
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| **WILLIE ANDREW SHARP,** | |
| Defendant. | |

# INTRODUCTION

The defendant pleaded guilty to Wire Fraud. The PSR has calculated a total offense level of 16 and a criminal history category I. PSR ¶ 88. The resulting guideline range is 21 to 27 months of imprisonment. PSR ¶ 88. Neither party has objections to the PSR. The defendant, however, offered clarifications for the Court to consider. PSR ¶ 23.

The United States recommends a guideline sentence, with three years of supervision to follow, along with $174,000 in restitution to the Blackfeet Head Start. Such a sentence takes into account an important proverb: "With great power comes great responsibility." Mr. Sharp was the Chairman of the Blackfeet Tribe. While acting in that well-respected and important role, Mr. Sharp chose to use his position to enrich his own pockets, as well as those of his wife. This resulted in taking money from children on the Blackfeet Indian Reservation who needed it most. A custodial sentence is not only warranted—it is necessary.

# ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

**Recommendation**

The Head Start Program is not just any government-funded program. It is designed to help break the cycle of poverty by providing preschool children of low-income families with a comprehensive early childhood education. The defendants, including the Chairman of the Blackfeet Tribe, stole from children who needed services the most. To demonstrate the level of greed, on May 2, 2013, the Head Start program was informed it would incur budget cuts of 10.58%, which

represented a total loss of $160,000. Ten days later, select Head Start employees began inflating overtime, which totaled $232,646.32 in overtime payments. The overtime scheme spanned a 15-month timeframe. Each time, Mr. Sharp, as the Chairman of the Tribe, could have stopped the fraud. Each time he instead chose to steal from children by approving inflated overtime claims for his wife and others.

The Chairman of the Tribe represents to the Court that "others in the government, including the director of the program and at least one member of the tribal council also represented to him that authority existed to claim the hours." PSR ¶ 23. Mr. Sharp's argument, at best, treads dangerously close to not fully accepting responsibility. *See, e.g.,* USSG §§3E1.1. At worst, the representation is incorrect. *See, e.g.,* USSG §3C1.1. The Chairman's own wife fraudulently claimed $29,033.25, which she was not entitled to receive. PSR ¶¶ 18, 21. The Tribal Treasurer refused to sign the fraudulent time cards, but the Chairman instructed her to do so. PSR ¶ 21. When the Tribal Treasurer refused, the Chairman signed the cards himself. PSR ¶ 21. It stretches credulity to suggest the Chairman did not know fraud was afoot when the Tribal Treasurer refused to sign the time cards.

A term of incarceration is particularly important in this case. There is no higher authority who could stop fraud in the Head Start Program than the

Chairman of the Blackfeet Tribe.  Deterrence, including prison, is necessary to ensure others are not tempted in the future.  Leadership roles matter, and accountability is required when that leadership role is abused for private profit.

Moreover, when sentencing the defendant, the Court does not sentence on a clean slate.  The Court must ensure disparate sentences do not occur—both out of fairness to Chairman Sharp and to those sentenced on prior occasions.  In order to aid in that sentencing factor, the United States proposes that the Court consider the following previously sentenced defendants:[1]

//

| Case | Charge | Sentence |
|---|---|---|
| *United States v. Mikkel Shields*, CR 18-03-GF-BMM | Burglary of Tribal Police Offices | 12 months and 1 day |
| *United States v. Wilford Harlan "Huck" Sunchild*, CR 13-106-GF-BMM | Theft and Embezzlement | 12 months and 1 day |
| *United States v. Fawn Tadios*, CR-13-51-GF-BMM | Theft and Embezzlement | 12 months and 1 day |
| *United States v. Shawn Augare*, CR 13-79-GF-BMM | Bank Fraud | 9 months |
| *United States v. Denise L. Sharp*, CR-17-69-GF-BMM | Theft and Wire Fraud | 9 months |
| *United States v. Patrick H. Calf Boss Ribs, Jr.*, CR-17-69-GF-BMM | Theft and Wire Fraud | 9 months |
| *United States v. Theresa Marie Calf Boss Ribs*, CR-17-69-GF-BMM | Theft and Wire Fraud | 8 months |

---

[1] The United States has highlighted in green the defendants who were involved in the same scheme as Chairman Sharp.

| | | |
|---|---|---|
| *United States v. Roseann Robyn Kipp*, CR 18-55-M-DWM | Wire Fraud | 8 months |
| *United States v. Eagleman*, CR16-41-GF-BMM; and, CR 16-50-GF-BMM | False Statement and Structuring | 6 months |
| *United States v. Kaycee Lambert*, CR 14-68-GF-BMM | Theft | 6 months |
| *United States v. John Lyon*, CR 14-57-GF-BMM | Wire Fraud, False Claim, and Theft | 6 months |
| *United States v. Kayla Lambert*, CR 14-68-GF-BMM | Theft | 5 months |
| *United States v. Demarce*, CR 15-82-GF-BMM | Bank Fraud | 7 days |
| *United States v. St. Marks*, CR 15-82-GF-BMM | Bank Fraud | 7 days |

As identified above, the defendant should be sentenced to more than those who had less power within the tribal power structure at Head Start. He also should be sentenced to more imprisonment than younger offenders like the Lamberts, as well as Ms. Demarce and Ms. St. Marks. Moreover, Ms. Eagleman and Mr. Lyon never obtained any identifiable personal benefit as a result of their fraudulent activities. Officer Shields burglarized the police station while looking for drugs. He abused his position of trust in doing so, but he received less personal financial gain than Mr. Sharp. Finally, "Huck" Sunchild and Ms. Tadios embezzled comparable amounts and received custodial sentences. The guideline range adequately reflects the appropriate sentence in this case.

//

DATED this 17th day of March, 2020.

                                        KURT G. ALME
                                        United States Attorney

                                        */s/ Ryan G. Weldon*
                                        RYAN G. WELDON
                                        Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached memorandum contains 1,200 words, excluding the caption and certificate of compliance.

                              KURT G. ALME
                              United States Attorney

                              */s/ Ryan G. Weldon*
                              RYAN G. WELDON
                              Assistant U.S. Attorney